**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Sieloff, ) | No. CV 12-01834-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Stryker Corporation; Stryker Sales ) Corporation, ) | |
| Defendants. ) | |

The court has before it defendants' motion to dismiss (doc. 8). Plaintiff did not respond to the motion and the time for doing so has long since expired. See LRCiv 7.2(c).

Plaintiff's complaint alleges that he developed chondrolysis and suffered serious injuries as a direct and proximate result of being administered a local anesthetic into his left shoulder joint via the defendants' pain pump. Plaintiff seeks to recover damages from defendants under the following theories: (1) strict products liability for design defect; (2) strict products liability for defect due to inadequate warning; (3) strict products liability for defect due to nonconformance with representations; (4) strict products liability for defect due to failure of adequate test; (5) negligence; (6) breach of express warranty; (7) breach of implied warranty; (8) fraud/misrepresenation; (9) negligent misrepresentation; (10) violation of the Arizona Consumer Fraud Act; and (11) punitive damages.

Defendants move to dismiss counts three, four, six, seven, eight, nine, ten and eleven for failure to state a claim upon which relief can be granted. Because plaintiff failed to respond to the motion, we construe the lack of a response as a concession and grant the motion summarily. See LRCiv 7.2(i) ("if . . . counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

We dismiss counts three and four because they are not based on a cognizable legal theory. Counts six, seven, eight, nine, ten and eleven fail to meet the pleading standard set forth in Fed. R. Civ. P. 8(a) and 12(b)(6). Plaintiff's sixth cause of action fails because the complaint does not state specific facts that demonstrate any actionable express warranty existed, or that the warranty became part of the basis of the bargain. See A.R.S. § 47-2313. We dismiss count seven because theories of breach of implied warranties and strict liability merge in product liability actions. See Scheller v. Wilson Certified Foods, Inc., 114 Ariz. 159, 161, 559 P.2d 1074, 1076 (Ct. App. 1976). Plaintiff's eighth, ninth, and tenth causes of actions for fraud and misrepresentation fail under Fed. R. Civ. P. 9(b) because they are not pled with particularity. Plaintiff alleges that defendants represented to the public and healthcare community that the pain pump was safe and effective. However, plaintiff wholly fails to identify the time or place of the alleged fraudulent statements, and any specific communications that he or his prescribing physician viewed or relied upon. Finally, we dismiss count eleven for punitive damages because plaintiff's generic, boilerplate allegation that defendants' actions were willful, malicious, outrageous, and unconscionable, does not satisfy Ashcroft v. Iqbal 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009).

**IT IS ORDERED GRANTING** defendants' motion to dismiss counts three, four, six, seven, eight, nine, ten and eleven (doc. 8).

DATED this 16th day of November, 2012.

.                              *Frederick J. Martone*
                               Frederick J. Martone
                               United States District Judge

- 2 -