**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Sieloff,            ) | No. CV-12-01834-PHX-FJM |
|           Plaintiff,     ) | **ORDER** |
| vs.                      ) | |
| Stryker Corporation, et al., ) | |
|           Defendant(s).  ) | |

The court has before it a Stipulation to amend the expert disclosure dates and the discovery cut off date in the Rule 16 Scheduling Order. (Doc. 26). The parties say they have scheduled a mediation in June and want a two month extension to avoid expenses. But at our Rule 16 conference held on February 22, 2013, the court expressly advised the parties "that once we put our Rule 16 scheduling order in place, we don't amend it to accommodate either settlement negotiations, discussions, or obviously the schedule of private mediators." We therefore advised the parties that if they chose private mediation over a settlement conference conducted by a magistrate judge, they should do that "sooner rather than later." In response, Mr. Pederson advised that the mediation would take place in April. The court responded "that's early enough to be consistent with the schedule."

Once a Rule 16 Order is entered, it is not to be amended except for good cause. Rule 16(b)(4), Fed. R. Civ. P. Diligence is the hallmark of good cause. There is nothing

1  incompatible about proceeding on two paths in parallel play. If the parties choose a
2  mediation two months after they said they would, they bear the burden of litigating and
3  settling simultaneously. It is unreasonable to think that a court should modify its schedule
4  to accommodate the schedule of a private mediator. The tail does not wag the dog. The
5  parties, the lawyers and the mediator must modify their schedules to meet the demands of the
6  Rule 16 Order. There is no showing of diligence here. The docket shows the parties have
7  done virtually nothing since the Rule 16 Order was entered. Then, in the face of an express
8  warning from the court, they schedule a mediation in June and have the temerity to file a
9  motion seeking a modification.

10  Nothing settles cases more effectively than the enforcement of firm, but fair,
11  deadlines. No good cause having been shown, it is ORDERED DENYING the Stipulation
12  to amend the Rule 16 Order. (Doc. 26).

13  DATED this 1st day of May, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge